[516] REUBEN W. REYNOLDS vs. WILLIAM SKELTON — Appeal from Lamar County.

Where a party, plaintiff, brought suit against the defendant to recover the amount of a promissory note made by the latter, but which the former claimed to have paid as the security thereon, and introduced the note in evidence: *Held*, that the possession of the note by the plaintiff, without any other evidence, was presumptive proof that he had paid the same, and sufficient to establish the fact, unless rebutted.

The 5th section of the act of congress, extra session, 1845, prescribing the mode of authenticating foreign judgments, etc., was intended to apply to cases only wherein a corporation, or its assignee, was plaintiff.

This suit was brought by the appellee, who was plaintiff in the court below, to recover a sum of money alleged by the

plaintiff in his petition to have been paid by him to the Bank of the State of Arkansas, as security for the defendant, Reynolds. The note of the defendant, signed by the plaintiff as security, was filed with the petition, having a receipt indorsed thereon by an agent of the bank, showing that the same had been paid by the plaintiff.

A general demurrer, together with various special matters, were set up in defense. There was a verdict and judgment. for the plaintiff, from which the defendant appealed.

The record contains no statement of facts, and the only grounds for a revision of the case are presented in a bill of exceptions, which is as follows, viz.:

"At the trial of this cause, the judge charged the jury that the possession of the note by Skelton was *prima facie* evidence that he had paid the amount of the same, as security for Reynolds; that he had paid legally, and to a person authorized to receive the same; and that the burden of proof rested on the defendant to show the reverse of either proposition. To which the defendant excepts."

[517] " Also, that defendant's counsel requested the judge in writing to instruct the jury that the plaintiff was bound to prove that the State Bank of Arkansas was a corporation established by law and capable of making contracts, and that D. P. Harris was legally appointed executive receiver for said corporation, and was, by virtue of said office, duly authorized to receive money and make transfers of papers, which instructions the judge refused; to which opinion the defendant excepts."

*Everts*, for appellant.
*Morrill*, for appellee.

Mr. Justice LIPSCOMB, after stating the facts, delivered the opinion of the court.

From there being no statement of facts sent up in this case, it is impossible to know, with certainty, whether the charge given by the judge was relevant to the issue or not, and we might well decline investigating its correctness. But from

the fact that there was a note filed answering to the description of the one which the plaintiff averred, in his petition, had been paid to him, on which there is a receipt by Harris, as agent for the bank, of the amount due on the same from the plaintiff, a liberal construction of the charge of the court may be referred to it.

The possession of this note by the plaintiff, without any other evidence of payment, would be presumptive evidence that he had satisfied the bank for the debt of which the note was evidence. This presumption would be sufficient to establish the fact, unless rebutted. We are not apprised by the record of any such rebutting evidence, and we cannot perceive that the court erred in its charge.

The charge asked and refused by the court is presented by the record under the same uncertainty as to the facts of the case. But if it is to be referred to any state of facts reasonably to be presumed from the record, it would be to [518] the facts set out in the petition and to the note on file. This note seems to have been given by the defendant, to the corporation, under its corporate style of the Bank of the State of Arkansas, with the plaintiff as his security. All presumption, then, would be in favor of the legal and true character being such as was acknowledged by the defendant in contracting with the corporation. Unless it be true that by our act of the congress of the republic the plaintiff was bound to make the proof, as seems to have been contemplated by the defendant's counsel in asking the court to give the charge. The act referred to (see acts of the extra session 9th congress, 1845) is most clearly intended to apply to cases where the corporation, or the assignee of the corporation, is a plaintiff. This suit is neither in favor of the bank, nor is it in favor of an assignee of the bank. It is for money paid to the bank by the security of the defendant. If the money could not have been legally recovered from the defendant, and his security had voluntarily paid it, it should have been shown by proof. If the laws of the state of Arkansas would not have held the defendant liable on his note, at the time it was paid voluntarily by his security, it

should have appeared from the record. In the absence of such proof, the presumption is in favor of the liability of the parties to the note. We cannot perceive that the court below erred in either the charge given or the charge refused. The judgment is therefore affirmed.